# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOAH NATHAN** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-4547** |
| **v.** | : | |
| | : | |
| **TAKEDA PHARMACEUTICALS U.S.A., INC.** | : | |
| | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 JULY 17, 2019

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a motion to transfer venue from the United States District Court for the Eastern District of Pennsylvania ("EDPA") to the United States District Court for the Eastern District of Virginia ("EDVA") filed pursuant to 28 U.S.C. § 1404(a) by Defendant Takeda Pharmaceuticals U.S.A., Inc. ("Defendant"), on the basis of *forum non conveniens*. [ECF 6]. Plaintiff Noah Nathan ("Plaintiff") opposes the motion. [ECF 9]. The issues raised in the motion have been fully briefed and are ripe for disposition. For the reasons set forth herein, Defendant's motion to transfer is granted.

### BACKGROUND

Briefly, the salient facts, which are derived from Plaintiff's complaint, as well as the declarations and other evidence submitted with each party's respective briefs, can be summarized as follows:

> Plaintiff's employment with Defendant and its predecessor companies commenced in 2002. His most recent position was Territory Manager of

Defendant's Reston, Virginia territory.[1] On October 22, 2018, Plaintiff, a former resident of Alexandria, Virginia, now a resident of Ellicott City, Maryland,[2] filed in this federal district a complaint against Defendant asserting claims of retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h); and retaliation and discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Virginia Human Rights Act ("VHRA"), Va. Code § 2.2-3900 *et seq*. [*See generally* ECF 1, Compl.].

Previously, on September 14, 2009, Plaintiff filed a *qui tam* action against Defendant under the False Claims Act in the EDPA in which he alleged that Defendant was marketing a drug called Dextilant off-label. The *qui tam* action was subsequently voluntarily transferred to the EDVA, where it was litigated through 2014. Ultimately, the action was dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See United States Ex. Rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*, Civ A. No. 1:09-cv-1086 (E.D. Va.).

In November 2011, Plaintiff had also filed a Title VII lawsuit in Virginia state court alleging sex and family responsibility discrimination and retaliation. The state court action was removed to the EDVA in December 2011, where summary judgment was granted in favor of Defendant. *See Nathan v. Takeda Pharmaceuticals America, Inc.*, Civ. A. No. 1:11-cv-1360 (E.D. Va).

In the instant complaint, Plaintiff alleges that beginning in April 2017, and continuing through his termination on November 30, 2017, he was subjected to discrimination because of his sex, retaliation for the prior lawsuits, and to heightened scrutiny by his managers in Reston, Virginia. Less than a month prior to his termination, Plaintiff had raised with human resources and management concerns of alleged off-label marketing of the drugs Trintellix and Uloric. Plaintiff alleges that management and human resources were aware of his prior False Claims Act and Title VII litigation, targeted him, and terminated his employment in retaliation.

Instantly, Defendant moves to transfer this matter from the EDPA to the EDVA pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and the witnesses and in the interest of justice on the basis of the doctrine of *forum non conveniens*.

---

[1] Plaintiff has not alleged that he worked outside of this territory at any time throughout the events herein described. Reston is located within the EDVA.

[2] At the time Plaintiff filed the complaint, he was a resident of Alexandria, Virginia, which is located in the EDVA. [*See* ECF 1, Compl. at 2]. Ellicott City, Maryland is located in the District of Maryland.

2

**LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of transferring venue under § 1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In determining whether transfer is appropriate, "the district court is vested with wide discretion." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973).

The determination of whether a venue transfer is appropriate under § 1404(a) requires consideration of two elements; *to wit*: (1) whether both the original and the requested venues are proper, and (2) if venues are proper, whether the convenience of the parties and witnesses and the interest of justice would be better served by transfer to a different forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878-79 (3d Cir. 1995).

Accordingly, this Court must first determine if venue is proper in both the EDPA and the EDVA. The venue provision for Title VII claims provides that actions may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The general venue statute contained in 28 U.S.C. § 1391 governs Plaintiff's False Claims Act and VHRA claims. Venue is proper under § 1391 in a judicial district in which any defendant

3

resides; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or in any judicial district in which any defendant is subject to the court's personal jurisdiction if no other venue is proper.  28 U.S.C. § 1391(b).

Once this Court determines that venue in both forums is proper, it must then undertake a balancing test to determine whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum.  *Jumara*, 55 F.3d at 879; *Cappola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 197 (E.D. Pa. 2008).  Although there is no definitive formula or exhaustive list of factors to consider when determining whether a transfer of venue is warranted, a court must weigh existing relevant private and public interests in its decision process.  A non-exhaustive list of these interests was articulated by the Third Circuit in *Jumara v. State Farm Ins. Co.*, commonly known as the *Jumara* factors.  55 F.3d at 879-80.

The moving party bears the burden of establishing the need for the transfer.  *Id.* at 879.[3] "Transfer is not warranted, however, if the result is merely to shift the inconvenience from one party to the other."  *DermaMed, Inc. v. Spa de Soleil, Inc*, 152 F. Supp. 2d 780, 783 (E.D. Pa. 2001).  "'[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'"  *Penn Mut. Life Ins. Co. v. BNC Nat. Bank*, 2010 WL 3489386, at *8 (E.D. Pa. Sept 2, 2010) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

---

[3] "Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 266035, at *4 (E.D. Pa. Oct. 18, 2005).

**DISCUSSION**

As noted, Defendant seeks to transfer this matter to the EDVA pursuant to the *forum non conveniens* provision of 28 U.S.C. § 1404(a). As required by § 1404(a), this Court must first consider whether venue is appropriate in both the EDPA and the EDVA. Defendant does not argue that venue in the EDPA is improper. Rather, Defendant simply argues that venue is more convenient in the EDVA. Accordingly, this Court concludes that Defendant has effectively waived any argument that venue in the EDPA is improper. Consequently, venue is proper in this District.[4]

As to venue in the EDVA, based on the assertions in the complaint, this Court finds that Plaintiff's Title VII claims could have been brought in the EDVA because the alleged unlawful employment practice was committed in Reston, Virginia, which is located in the EDVA. *See* 42 U.S.C. § 2000e-5(f)(3). Plaintiff's False Claims Act and VHRA claims could have also been brought in the EDVA since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Reston, Virginia. *See* 28 U.S.C. § 1391(b)(2). Plaintiff does not dispute that his claims could have been brought in the EDVA. Based on the facts alleged, this Court finds that venue is also proper in the EDVA for all of Plaintiff's claims.

---

[4] Improper venue is a waivable defense. Fed R. Civ. P. 12(h). To preserve a challenge regarding improper venue, a defendant must raise the issue in a responsive pleading. *Id.* at 12(b)(3). If the responsive pleading does not challenge improper venue, the defense is waived. *Id.* at 12(h). Further, where a defendant does not "interpose timely and sufficient objection to the venue," the district court retains jurisdiction, even if venue would otherwise be improper. 28 U.S.C. § 1406(b). Here, Defendant has not moved to dismiss this matter for improper venue pursuant to Rule 12(b)(3), nor has it raised improper venue as an affirmative defense. Instead, it filed the underlying motion to transfer venue pursuant to § 1404(a) for *forum non conveniens*, in which it properly outlines the legal prerequisite that venue be proper in the original forum. Under these circumstances, this Court finds that Defendant has waived improper venue, thereby making venue as to Defendant in this District proper. *See Farley v. Cernak*, 2016 WL 162238, at *2-3 (E.D. Pa. Jan. 13, 2016).

Having made the required initial determinations under § 1404(a), this Court will next consider the *Jumara* private and public interest factors to determine whether the convenience of the parties and witnesses and the interest of justice weigh in favor of a transfer of venue.

## A.  PRIVATE INTEREST FACTORS

The *Jumara* private interest factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). 55 F.3d at 879.

### (1) *Plaintiff's Choice of Forum*

Generally, a plaintiff's choice of venue is given deference. However, the plaintiff's choice is not dispositive and receives "considerably less weight" where "the plaintiff chooses a forum which is not his home." *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (E.D. Pa. 2003) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). In addition, a plaintiff's forum choice receives less weight when none of the operative facts occurred in the selected forum. *Cappola* 250 F.R.D. at 197-98; *see also Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (holding that "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum."). When "the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatch Biotechnology B.V.*, 2007 WL 4365328, *5 (D.N.J. Dec. 11,

2007); *see also McLaughlin v. GlaxoSmithKline, L.L.C.*, 2012 WL 4932016, *3 (E.D. Pa. Oct. 17, 2012) (refusing to afford significant weight to a plaintiff's choice of forum when many of the facts occurred in another state).

Based on the assertions in the complaint, this Court finds that the operative facts relevant to Plaintiff's claims against Defendant occurred in the EDVA. That is, Plaintiff is a resident of Ellicott City, Maryland, which is located in the District of Maryland. Thus, the EDPA is not Plaintiff's home forum. Further at the time he filed this action, Plaintiff was a resident of Arlington, Virginia, which is in the EDVA.[5] Plaintiff's claims of alleged discrimination and retaliatory termination occurred in Reston, Virginia. The only expressed connection between Plaintiff's claims and the EDPA is the fact that Plaintiff filed a prior *qui tam* action—which Plaintiff alleges was an impetus for Defendant's retaliation against him—in the EDPA before it was voluntarily transferred to the EDVA. Since the EDPA does not have any substantive connection with the facts of the lawsuit, and Plaintiff does not reside in the EDPA, Plaintiff's choice of venue in the EDPA is not afforded the usual strong preference or weight. *Id.* at 457. Rather, given the facts alleged, Plaintiff's forum preference is given little to no deference.

(2) *Defendant's Forum Preference*

Defendant has identified the EDVA as its preferred forum. Defendant owns and operates the Reston, Virginia location where the alleged discrimination occurred and where Plaintiff was allegedly retaliatorily terminated. Plaintiff's alleged claims against Defendant arise out of

---

[5] When ruling on a motion to transfer venue for *forum non conveniens*, a court considers a plaintiff to be "at home" in the district in which he resided at the time he filed the complaint. *See Frederiksson v. HR Textron,* Inc., 484 F. App'x. 610, 611 (2d Cir. 2012) ("When conducting the first step of this analysis to determine the appropriate level of deference accorded to plaintiff's choice of forum, a court may consider several factors . . . [t]hese factors, however, imply a temporal framework. That is, they must be analyzed in reference to a distinct point in time: for step-one purposes, that point is the time at which the complaint was filed.").

7

discrimination and retaliation that occurred in Reston. As such, in light of the significant relationship between Defendant and the EDVA, as well as the facts underlying Plaintiff's claims occurring in Reston, this factor weighs in favor of transfer.

(3) *Whether the Claim Arose Elsewhere*

The third factor—where a majority of the events giving rise to the claim arose—also weighs in favor of transfer. As set forth, the events underlying Plaintiff's alleged discrimination and retaliation claims against Defendant occurred in the EDVA. At all relevant times, Plaintiff was employed in Defendant's Reston, Virginia location; Plaintiff has asserted no facts or occurrences regarding Defendant's alleged discrimination and/or retaliation occurring outside of Virginia; the performance improvement plans to which Plaintiff was allegedly subjected would have been administered in Virginia where Plaintiff worked; and Plaintiff's termination occurred in Virginia. Although Plaintiff alleges that the origin of his retaliation claim occurred with the filing of a *qui tam* lawsuit in the EDPA under the False Claims Act, said action was voluntarily transferred to the EDVA. The connection claimed is too tenuous to support Plaintiff's argument. As such, this factor weighs in favor of transfer to the EDVA.

(4) *Convenience of the Parties as Indicated by their Relative Physical and Financial Condition*

The relative financial condition of the parties should be considered when weighing the convenience of the parties. *See Burnstein v. Sun Life Assur. Co. of Canada (U.S.)*, 2012 WL 3517572, at *2 (E.D. Pa. Aug. 14, 2012) (holding that a large international corporation which generates several billions of dollars in annual revenue will not suffer meaningful financial hardship if required to litigate outside of their preferred forum); *see also Punoose v. Equifax Information Services, LLC*, 2018 WL 2735403, at *3 (E.D. Pa. June 7, 2018) (holding that an individual plaintiff would suffer greater financial hardship than a large corporation if required to litigate

8

outside of their preferred forum). Here, Plaintiff contends that retaining local counsel in Virginia and traveling to Virginia from Maryland to litigate would be greatly inconvenient and financially burdensome. [*See* ECF 9-2 at 7]. This argument, however, is misguided. Plaintiff lives less than half the distance from Alexandria, Virginia—where the EDVA is located—than from Philadelphia, Pennsylvania—where the EDPA is located.[6] He also previously litigated in the EDVA represented by local counsel. *See* Docket for *Nathan v. Takeda Pharmaceuticals North America, Inc.*, Civ. A. No. 1:09-cv-01086 (E.D. Va.) (revealing that Plaintiff was represented by local counsel in Virginia in the False Claims Act lawsuit, the alleged catalyst of Defendant's underlying retaliation, which was voluntarily transferred to the EDVA).

Additionally, though Defendant is headquartered in Illinois, Defendant's operation in question—the Reston, Virginia location—is located in the EDVA. As noted, Plaintiff resides in the District of Maryland, but resided in the EDVA at the time this action was filed. Any travel by potential representatives, employees, or witnesses from Defendant's Reston, Virginia location to a court in the EDVA—and the costs associated therewith—would be significantly less than the costs associated with travel to the EDPA in Philadelphia, Pennsylvania.[7] Thus, this factor weighs in favor of transfer to the EDVA.

(5) *Convenience of Witnesses*

The convenience of witnesses "is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc.*, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001). Fact witnesses "who possess[] firsthand knowledge of the events giving rise to

---

[6]   Plaintiff lives in Ellicott City, Maryland, which is 50.1 miles from Alexandria, Virginia (the nearest seat of the EDVA) and 115 miles from Philadelphia, Pennsylvania (the nearest seat of the EDPA).

[7]   Reston, Virginia is 28.4 miles from Alexandria, Virginia (the nearest seat of the EDVA) and 158 miles from Philadelphia, Pennsylvania (the nearest seat of the EDPA).

9

the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience analysis.'" *Coppola*, 250 F.R.D. at 199 (internal quotations omitted). Plaintiff baldly claims that some of Defendant's management employees were located in or around Philadelphia, Pennsylvania, at the time he was litigating his Title VII claims against Defendant in Virginia, yet he has not alleged any facts or occurrences relating those employees to his termination or to Defendant's alleged discrimination. Rather, the events giving rise to Plaintiff's claims allegedly occurred in Reston, Virginia. Therefore, it is likely that most of the witnesses will be located in and around Reston— a location more than 100 miles from Philadelphia.

Under *Jumara*, this factor is only to be considered to the extent the witnesses may actually be unavailable for trial in one of the fora. *Jumara*, 55 F.3d at 879. Neither party has shown that any anticipated witnesses would be unavailable for a trial in either district. Thus, under this caveat, this factor is neutral.

(6) *Location of Books and Records*

As to the final private interest factor, the location of books and records, "technical advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis . . . ." *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003). Thus, unless hard copies of documents are necessary to this litigation, this factor has a neutral effect.

### B. PUBLIC INTEREST FACTORS

*Jumara* describes the public interest factors to include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home and the public policies of the fora; and (5) the familiarity of the trial judge with any applicable state law. 55 F.3d at 879-80.

(1) *Enforceability of Judgement*

Neither party has addressed the enforceability of judgment factor. Notwithstanding, it does not appear that a judgment by this Court would be unenforceable in Virginia, or vice versa; *i.e.* that a judgment by the EDVA would be unenforceable in Pennsylvania. Thus, this factor is neutral since both courts have the ability to enforce any judgments rendered.

(2) *Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive*

As set forth above, most of the facts underlying Plaintiff's alleged claims occurred in the EDVA, and as a result, most of the witnesses are likely to be located in or around Reston, Virginia, making a trial in that forum easier, more expeditious, and less costly. Plaintiff is located in Ellicott City, Maryland, which is closer to Alexandria, Virginia than it is to Philadelphia, Pennsylvania. Thus, this factor weighs in favor of transfer.

(3) *Relative Administrative Difficulty in the Two Fora Resulting from Court Congestion*

"Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worthy of great weight." *Penda Corp. v. STK, LLC*, 2004 WL 2004439, at *3 (E.D. Pa. Sept. 7, 2004). Here, neither party has suggested that one of the fora is more or less congested than the other. Thus, this factor is deemed neutral.

(4) *Local Interest in Deciding Controversies at Home and the Public Policies of the Fora*

"Courts have a local interest in having localized controversies decided at home." *Johnson v. Equifax Inf. Servs., LLC*, 2017 WL 2779568, at *6 (E.D. Pa. Jun. 27, 2017). As noted, Plaintiff was a resident of Virginia at the time of the events that gave rise to his claims and the majority of the operative facts underlying Plaintiff's claims occurred in the EDVA. It would appear that the EDVA has a greater interest in the underlying controversy. *See Lamusta v. Lawson Mardon*

11

*Wheaton, Inc.*, 2000 WL 274013, at *3 (E.D. Pa. Mar. 13, 2000) ("Resolution of the employment discrimination and sexual harassment claims particularly would be most meaningful and salutary in the community in which these unlawful acts were allegedly perpetrated . . . ."). Furthermore, as one of the claims asserted is under the Virginia Human Rights Act, the EDVA has a greater interest in enforcing that state law. Consequently, this factor weighs in favor of transfer.

(5) *Familiarity of the Trial Judge with the Applicable State Law in Diversity Cases*

Plaintiff's False Claims Act and Title VII claims are governed by federal law, so any district court would be equally familiar with the applicable law. Plaintiff's VHRA claims, however, are governed by Virginia state law. While district courts are frequently called upon to interpret and apply the law of a state other than that in which they sit, when considering a motion to transfer venue, a "case should be decided by the court most familiar with the applicable state law." *Coppola*, 250 F.R.D. at 201-02. The EDVA is likely to be more familiar with Virginia law than the EDPA. Thus, this factor weighs in favor of transfer.

**CONCLUSION**

After determining that venue is appropriate in both fora and weighing all of the *Jumara* private and public interest factors, this Court finds that for the convenience of the parties and witnesses and in the interest of justice, a transfer to the United States District Court for the Eastern District of Virginia is appropriate. Therefore, Defendant's motion to transfer venue is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.